JOSEPH OPPICCI, RESPONDENT, v. ERIE RAILROAD COMPANY, APPELLANT.

Submitted July 7, 1919—Decided November 17, 1919.

1. On a statutory appeal to the Supreme Court, the question of the adequacy or inadequacy of damages is not open to that court to determine.
2. Rule 132 of the Supreme Court is not applicable where the evidence on the question of damages, not the amount, is held to be inadequate.

On appeal from the Supreme Court.

For the respondent, *Peter J. McGinnis.*

For the appellant, *George S. Hobart* and *Edward A. Markley.*

The opinion of the court was delivered by

SWAYZE, J. This was an appeal from the Paterson District Court. Only the determination or direction of the District Court in point of law or upon the admission or rejection of evidence was open in the Supreme Court. *Comp. Stat., p. 2016, pl. 213 a; Pratt* v. *Union National Bank,* 81 *N. J. L.* 588; *Lavin* v. *Public Service Railway Co.,* 77 *Id.* 217. It was not open to the Supreme Court to affirm, as it did, the liability of the defendant and reverse the judgment of the District Court as to damages unless there was legal error as to the rule of damage. There was no such error. There was evidence as to the amount of damages. What the Supreme Court held was that this evidence was too uncertain and inadequate on which to base the verdict of the jury. This procedure treated the case as if it were before the court on a rule to show cause instead of a statutory appeal. It was beyond the power conferred on the court. Moreover, the court entered a judgment remitting the record for a new trial, as to the question of damages only, apparently on the theory that such a judgment was permitted by rule 132. This was error. The rule applies only to cases where the damages are excessive or inadequate; no such case is before us; it is only the evidence on the question of damages, not the amount, that was held by the Supreme Court to be inadequate. The error would require a reversal if it were properly presented. It is not. The plaintiff, who was injured by the reversal of the District Court, did not appeal and seems to have been content with the affirmance of the defendant's liability. The defendant was careful to limit his causes of appeal to errors harmful to him. We cannot, therefore, reverse the Supreme Court unless we find some error injurious to the defendant. The error in remitting to the District Court for a new trial as to damages is not injurious to the defendant and is not

complained of. As to that part of the judgment which affirms defendant's liability, we agree with the Supreme Court, and find no error in this respect. The result is, that the judgment must be affirmed as the pleadings on appeal stand. When the record is remitted, the Supreme Court, we assume, will correct its judgment in accordance with the views we have expressed, and affirm the judgment of the District Court generally. The result will be that the question of the constitutionality of ordering a new trial as to damages alone will not then be presented, and we ought not to decide it now.

' Let the judgment be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 12.

*For reversal*—None.