MICHAEL ASCHBERGER, TRADING AS CLIFTON MARBLE WORKS, PLAINTIFF-RESPONDENT, v. GAETANO M. BELFATTO, DEFENDANT-APPELLANT.

Submitted May 13 1932—Decided January 17, 1933.

Before Justices Trenchard, Case and Brogan.

For the plaintiff-respondent, *Elmer Friedbauer.*

For the defendant-appellant, *Philip Gaudiosi.*

Per Curiam.

The appeal before us brings up a judgment of the First Judicial District of the County of Essex and the record discloses that the plaintiff below sued to recover the sum of $254 for labor and materials supplied to the defendant which chiefly consisted in installing marble work in the floor and vestibule of the defendant's home in Newark, New Jersey. The case was tried before the court and jury and the jury returned a verdict for the full amount.

The contract between the parties was for extra marble work in addition to certain other work that was covered by a written contract and which doesn't enter into consideration here. There was evidence that an agreement was made between the parties hereto for the performance of the work in question and the prices agreed upon; that the defendant selected the color and type of marble that was to go into the building,

from samples submitted by the plaintiff; that about seventy-five per cent. of the marble was Italian in quality and the balance was Tennessee marble, and that the domestic marble was put into the building at the defendant's request; that the work was done to the entire satisfaction of the defendant. This extra work was not paid for. The defendant contradicted this testimony, admitting, however, that he ordered the work but denied that he had agreed to any particular price, claiming the price was too high and that he never agreed to any Tennessee marble being put into the work which was done for him by the plaintiff. He admitted, however, that he daily supervised the work and had selected the type of marble. There was other testimony on behalf of the defendant that Italian marble was more costly than Tennessee marble.

The defendant moved for a nonsuit at the end of the plaintiff's case and for a direction of verdict at the end of the whole case. Just how he expected to prevail on either motion is certainly not clear. The case was wholly a fact case and upon being presented to the jury a verdict was rendered in favor of the plaintiff and against the defendant.

The defendant sets up twelve specifications of determinations on this appeal with which he is dissatisfied as a matter of law. He doesn't argue them, however, his whole contention being rather confined to a discussion of the facts. Grounds for reversal that are not argued are of course deemed to have been abandoned. *Sargeant Brothers* v. *Brancali,* 107 *N. J.* 84; 151 *Atl. Rep.* 843.

The facts in the case were submitted to and determined by the jury in the District Court and from that finding there is no appeal. "Only the determination or direction of the District Court in point of law or upon the admission or rejection of evidence was open in the Supreme Court." *Oppicci* v. *Erie,* 93 *N. J. L.* 394; 108 *Atl. Rep.* 759; *Moncher* v. *Fuches,* 8 *N. J. Mis. R.* 172; 149 *Atl. Rep.* 356. One point more, however, is made by the appellant which needs mention here. He alleges that the state of demand for the plaintiff's case asks for $229 damages while the verdict of the jury was for $254. On appeal, we are governed by the state of the case as settled

by the court and it recites that the action was brought to recover $254. The record discloses no objection to have been made to this recital by the appellant, which settles the matter so far as this court is concerned.

The judgment will be affirmed, with costs.